(Rev. 3/88)

# United States District Court
## for the
## DISTRICT OF MARYLAND

APR 0 6 2005

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

U.S.A. vs. George Koehler

Docket No.: AW-97-0343-008

### Petition on Supervised Release

COMES NOW **Raphael Snyder** PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of **George Koehler** who was placed on supervision for **Conspiracy to Distribute and Possess with intent to Distribute Cocaine and Heroin** by the Honorable Alexander Williams, Jr., U.S. District Judge, sitting in the court at **Greenbelt, Maryland**, on the 30th day of October, 1998 who fixed the period of supervision at **5 year(s)** *, and imposed the general terms and conditions theretofore adopted by the court and also imposed additional conditions and terms as follows:

* Committed to custody of Bureau of Prisons for 70 months, followed by supervised release for a term of 5 year(s).

1. The defendant is instructed to pay a Special Assessment in the amount of $100.00.
2. The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.
3. The defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

WHEREAS:   1/31/2005, Mr. Koehler changed his residence and employment without informing his probation officer. His current whereabouts are unknown. In violation of Standard Condition #6 which states that the defendant shall notify the probation officer ten days prior to any change of residence or employment.

WHEREAS:   1/2005, 2/2005/, 3/2005, Mr. Koehler failed to submit monthly reports to his probation officer. In violation of Standard Condition #2 which states that the defendant shall report to the probation officer as directed and submit a written report each month.

PRAYING THAT THE COURT WILL ORDER a warrant be issued for the arrest of George Koehler for alleged violations of probation or term of supervised release.

ORDER OF COURT
Considered and ordered as prayed this 5th day of April, 2005 and ordered filed and made a part of the records in the above case.

_____
Alexander Williams, Jr.
U.S. District Judge

Respectfully,

_____
Raphael Snyder, Senior U.S. Probation Officer

Place  Greenbelt, Maryland

Date  April 4, 2005

U.S. Probation and Pretrial Services
# MEMORANDUM

DATE: April 4, 2005

TO: The Honorable Alexander Williams, Jr.
U.S. District Judge

FROM: Raphael Snyder
Senior U.S. Probation Officer

RE: KOEHLER, George
Docket No.: AW-97-0343-008
Exp. Date: 12/22/2007

SUBJ: <u>Notice of Violation - Warrant Requested</u>

**Sentencing Information:**
On October 30, 1998, George Koehler appeared before Your Honor for sentencing subsequent to conviction for the offense(s) of Conspiracy to Distribute and Possess with intent to Distribute Cocaine and Heroin. He was sentenced to the Custody of the Attorney General for a period of 70 months, with 5 year(s) Supervised Release to follow, with the following conditions imposed: 1) The defendant is instructed to pay a Special Assessment in the amount of $100; 2) The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer; and 3) The defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling, and testing as deemed necessary by the probation officer. 4) The defendant shall submit random urine specimens as directed by the supervising probation officer.

Supervision began on December 23, 2002.

**Adjustment to Supervision/Violations Alleged:**

The offender was released on 12/23/2002. At that time, the offender was residing in the District of Columbia. On 2/25/2003, supervision was transferred to The District of Columbia.

On 4/04/05, this officer received correspondence from the District of Columbia, advising that the offender was in violation status, and had absconded from supervision. At this time, Mr. Koehler's whereabouts are unknown, and a warrant is being requested, alleging violation of his Supervised Release.

KOEHLER, George
Violation Report
Page 2

Based on the above, this officer alleges the following violations of supervision:

1. 1/31/2005, Mr. Koehler changed his residence and employment without informing his probation officer. On 3/25/05, a home visit was conducted, and it was discovered that the defendant had moved from his residence, without notifying his probation officer. On 3/25/2005, a phone conversation was conducted with his employer, Ryco and Assciates. It was discovered that the defendant was terminated from his employment on 1/31/2005. His current whereabouts are unknown. In violation of Standard Condition #6 which states that the defendant shall notify the probation officer ten days prior to any change of residence or employment.

2. 1/2005, 2/2005/, 3/2005, Mr. Koehler failed to submit monthly reports to his probation officer. In violation of Standard Condition #2 which states that the defendant shall report to the probation officer as directed and submit a written report each month.

**Recommendation:**
Based on the violations stated above, this officer respectfully recommends a warrant be issued for the arrest of George Koehler for alleged violations of probation or term of supervised release.

I have attached a Form 12 for the Court to execute, should Your Honor concur.

The U.S. Sentencing Commission has issued policy statements effective November 1, 1990, for violation of probation and supervised release. The policy statements are contained in a revised Chapter Seven of the updated Guidelines Manual that incorporated amendments effective November 1, 1991, et. Seq. Additionally, 18 U.S.C. 3553©) requires the Court to state the reasons for its imposition of a particular revocation sentence. Effective September 13, 1994, the Court is required to consider the applicable guidelines or policy statements issued by the Sentencing Commission in the case of a violation of probation or supervised release - 18 U.S.C. 3553 (a)(4)(B). We are attaching a Violation Worksheet.

The reimposition of Supervised Release after revocation is now authorized by a new section, 18 U.S.C. 3583(h), if the offender is sentenced to less than the maximum prison term available. The length of such a term of supervised release shall not exceed the TSR authorized by statute for the offense that resulted in the original TSR, less any term of imprisonment that was imposed upon revocation. Revised section 18 U.S.C. 3583(e)(3) provides that the maximum prison sentences allowed upon revocation of supervised release - 5 years if the original offense was a Class A Felony, 3 years for a Class B Felony, 2 years for a Class C or D Felony, or one year in any other case.

When a violation of probation or supervised release is based on Possession of a Controlled Substance, Possession of a Firearm, or refusal of required drug testing, revocation is mandated and a term of imprisonment must be imposed. The "not less than one-third" language has been

KOEHLER, George
Violation Report
Page 3

deleted. It should be noted that a refusal of required drug testing violation can only mean mandated revocation for these cases where the original offense occurred on or after September 13, 1994.

Should Your Honor have any questions or concerns, this officer is available at (301) 344-0558.

Mr. Koehler's last known address is

Mr. Koehler was represented at sentencing by Paul B. DeWolfe, Office of the Federal Public Defender, Tower II, Suite 1100, 100 South Charles Street, Baltimore, MD 21201-2705.

The Government was represented at sentencing by John V. Geise, U.S. Courthouse, Suite 400, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.

Attachment